# Exhibit 1

**(Summary of Factors, Factor Agreements, and Security Interests)**

**ActiveCare – Factor Summary**

| Factor Name | Contact Information | Amount Owed | Important Terms | Security Interest | Other Information |
|---|---|---|---|---|---|
| Complete Business Solutions Group, Inc. ("**CBSG**") | **Address provided in Complaint**: 141 N. 2nd Street Philadelphia, PA 19106 (215) 922-2636<br><br>**Address provided in UCC-1**: 22 N. 3rd Street Philadelphia, PA 19106<br><br>**Attorney:** Norman M. Valz Law Office of Norman M. Valz P.C. 205 Arch Street - 2nd Floor Philadelphia, PA 19106 (215) 756-2424 | Pursuant to complaint and notice of claim - **$1,772,095.63** | **Factoring Agreement**<br>• Entered into April 17, 2017<br>• Total advance amount: $1,794,000.54<br>• Daily amount: $12,999.99 for 193 days<br>• Receipts purchased amount: $2,511,600.76<br>**Security Agreement**<br>• Entered into April 17, 2017<br>• Collateral identified as now owned or hereinafter acquired: (a) accounts, chattel paper, documents, equipment, general intangibles, instruments, and inventory ; and (b) | **Delaware UCC Filings:** CBSG <u>did not</u> file any UCC Financing Statements in Delaware<br><br>**Utah UCC Filings:** UCC -1 Filing Statement filed in Utah on May 8, 2018<br><br>No UCC-1 Financing Statement filed in Utah<br><br>Filing Statement description of Collateral[i]<br><br>**Analysis**: CBSG did not file a UCC-1 Financing Statement in Delaware prior to the Petition Date and does not have a perfected security | Jeffrey Peterson also named as Debtor on UCC-1<br><br>Notices of Claim sent by attorneys for Jeffrey Peterson to XL Specialty Insurance Company on June 21, 2018 under Policy Nos. ELU145041-16 and ELU 150587-17<br><br>Notice of Loss sent by CBSG to ActiveCare's D&O carrier (Argonaut Insurance Co.XL Specialty Insurance Company) on July 19, 2018 |

| | | | | interest | |
|---|---|---|---|---|---|
| | | | all proceeds<br>• Jeffrey Peterson is Guarantor – joint and several liability | | |
| Fundrock, LLC ("**Fundrock**") | **Address provided in UCC-1**:<br>128 32nd Street<br>Brooklyn, NY 11232<br><br>**Representative:**<br>Corporation Service Company 138204149<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703<br><br>And<br><br>P.O. Box 2576<br>Springfield, IL 62708<br>uccsprep@cscinfo.com | No amount provided in documents.<br><br>Confession of judgment amount attached to Factoring Agreement: $ 119,920 less any payments made plus interest at rate of 16% per annum plus legal fees calculated at 25% of total owed<br><br>Verbal payment plan was in effect | **Factoring Agreement**<br>• Entered into August 29, 2017<br>• Purchase price: $80,000<br>• Daily amount: $1,332<br>• Receipts purchased amount: $119,920<br><br>**Security Agreement**<br>• Entered into August 29, 2017<br>• Collateral identified as now owned or hereinafter acquired: (a) accounts, chattel paper, documents, equipment, general intangibles, instruments, and inventory ; and (b) | **Delaware UCC Filings:**<br>Fundrock <u>did not</u> file any UCC Financing Statements in Delaware<br><br>**Utah UCC Filings:**<br>UCC-1 Filing Statement filed in Utah on November 1, 2017 through its Representative<br><br>UCC-1 Financing Statement filed in Utah on November 2, 2017 through its Representative<br><br>Filing Statement description of collateral[ii]<br><br>**Analysis:**<br>Fundrock did not | Jeffrey Peterson also named as Debtor on UCC-1 |

2

| | | | | | |
|---|---|---|---|---|---|
| | | | • all proceeds<br>• Jeffrey Peterson is Guarantor – joint and several liability | file a UCC-1 Financing Statement in Delaware prior to the Petition Date and does not have a perfected security interest | |
| Worldwide Capital Management, Inc. ("**WCM**") | **Addresses from website**:<br>6 Venture, Suite 305, Irvine CA 92618<br><br>7545 Irvine Center Dr # 200, Irvine CA 92618<br><br>**Authorized Servicing Agent:**<br>GMA USA, LLC | No amount provided in documents.<br><br>Confession of judgment amount attached to Factoring Agreement: $496,650 less any payments made plus interest at a rate of 9% per annum plus legal fees calculated at 25% of total owed<br><br>Verbal payment plan was in effect | **Factoring Agreement**<br>• Entered into August 24, 2017<br>• Purchase price: $150,000<br>• Daily amount: $2,044<br>• Receipts purchased amount: $224,850<br><br>**Security Agreement**<br>• Entered into August 24, 2017<br>• Collateral identified as now owned or hereinafter acquired: (a) accounts, chattel paper, documents, equipment, general intangibles, instruments, and | **UCC Filings:**<br>WCM did not file any UCC financing statements in Delaware or Utah<br><br>**Analysis**:<br>WCM did not file a UCC-1 Financing Statement in Delaware prior to the Petition Date and does not have a perfected security interest | |

3

64622749.2

| | | | | | |
|---|---|---|---|---|---|
| | | | inventory ; and (b) all proceeds<br>• Jeffrey Peterson is Guarantor – joint and several liability | | |
| EBF Partners, LLC ("**Everest**") | **Address provided in Settlement Agreement**:<br>5 West 37th Street, 2nd Floor<br>New York, NY 10018<br><br>**Attorney**:<br>Vadim Serebro<br>55 Broadway, 3rd Floor<br>New York, NY 10006<br>(646) 774-3374 | **Judgment**<br>• entered on 3/28/2018 in the amount of **$135,168.67**<br><br>**Settlement Agreement**<br>• entered into April 19, 2018<br>• for the settlement amount of **$85,000.00** | **Factoring Agreement**<br>Not received, but pursuant to Settlement Agreement:<br>• Entered into on August 14, 2017<br>• Purchase price: $175,000<br>• Receipts purchased amount: $248,500<br><br>**Security Agreement**<br>Not received<br><br>**Settlement Agreement**<br>Upon compliance with Settlement Agreement, Everest shall file a Satisfaction of Judgment with the New York State Supreme Court and release any and all liens or UCC security | **UCC Filings:**<br>Everest did not file any UCC financing statements in Delaware or Utah<br><br>Pursuant to Settlement Agreement, a UCC-1 was filed. The Settlement Agreement does not provide the state in which the UCC-1 was filed<br><br>**Analysis**:<br>Everest did not file a UCC-1 Financing Statement in Delaware prior to the Petition Date and does not have a perfected security interest | Jeffrey Peterson is Guarantor – joint and several liability |

|  |  |  | interests |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

---

[i] THE COLLATERAL INCLUDES THE FOLLOWING PROPERTY THAT BORROWER NOW OWNS OR SHALL ACQUIRE OR CREATE IMMEDIATELY UPON THE ACQUISITION OR CREATION THEREOF: (I) ANY OF ALL AMOUNTS OWING TO BORROWER NOT OR IN THE FUTURE FROM ANY MERCHANT PROCESSOR(S) PROCESSING CHARGES MADE BY CUSTOMERS OF BORROWER VIA CREDIT CARD OR DEBIT CARD TRANSACTIONS AND (II) ALL OTHER TANGIBLE AND INTANGIBLE PERSONAL PROPERTY, INCLUDING. BUT NOT LIMITED TO (A) INVENTORY, (B) EQUIPMENT, (C) INVESTMENT PROPERTY, INCLUDING CERTIFICATED AND UNCERTIFIED SECURITIES, SECURITIES ACCOUNTS , SECURITY ENTITLEMENTS, COMMODITY CONTRACTS AND COMMODITY ACCOUNTS, (D) INSTRUMENTS, INCLUDING PROMISSORY NOTES (E) CHATTEL PAPER, INCLUDING TANGIBLE CHATTEL PAPER AND ELECTRONIC CHATTEL PAPER, (F) DOCUMENTS, (G) LETTER OF CREDIT RIGHTS, (H) ACCOUNTS, INCLUDING HEALTH-CARE INSURANCE RECEIVABLES (I) DEPOSIT ACCOUNTS, (J) COMMERCIAL TORT CLAIMS, (K) GENERAL TANGIBLES, INCLUDING PAYMENT INTANGIBLES AND SOFTWARE AND (L) AS EXTRACTED COLLATERAL AS SUCH TERMS MAY FROM TIME TO TIME BE DEFINE IN THE UNIFORM COMMERCIAL CODE. THE SECURITY INTEREST BORROWER GRANTS INCLUDES ALL ACCESSIONS, ATTACHMENTS, PARTS, SUPPLIES AND REPLACEMENTS FOR THE COLLATERAL, ALL PRODUCTS, PROCEEDS AND COLLECTIONS THEREOF AND ALL RECORDS AND DATA RELATING THERETO.

[ii] ALL NOW OWNED AND HEREAFTER ACQUIRED ACCOUNTS; CHATTEL PAPER; DEPOSIT ACCOUNTS; CONTRACT RIGHTS; LETTER OF CREDIT RIGHTS; INSTRUMENTS; PAYMENT AND GENERAL INTANGIBLES; GOODS; INVENTORY; EQUIPMENT AND FIXTURES; INVESTMENT PROPERTY; ACCOUNT RECEIVABLES; AND ALL BOOKS AND RECORDS RELATING TO ALL OF THE FOREGOING PROPERTY, INCLUDING, WITHOUT LIMITATION, ALL COMPUTER PROGRAMS; AND ALL PROCEEDS OF THE FOREGOING. NOTICE -PURSUANT TO AN AGREEMENT BETWEEN DEBTOR AND SECURED PARTY, DEBTOR HAS AGREED NOT TO FURTHER ENCUMBER THE COLLATERAL DESCRIBED HEREIN, THE ENCUMBERING OF WHICH MAY CONSTITUTE THE TORTUOUS INTERFERENCE WITH THE SECURED PARTY'S RIGHT BY SUCH ENCUMBRANCES. IN THE EVENT THAT ANY ENTITY IS GRANTED A SECURITY INTEREST IN DEBTORS ACCOUNTS, CHATTEL PAPER OR GENERAL INTANGIBLES CONTRARY TO THE ABOVE, THE SECURED PARTY ASSERTS A CLAIM TO ANY PROCEEDS THEREOF RECEIVED BY SUCH ENTITY.

64622749.2