IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ACTIVECARE, INC., *et al.*,[1] | Case No. 18-11659 (LSS) |
| Debtors. | (Jointly Administered) |
| | Re: Doc. No. 120 |

**ORDER AUTHORIZING AND APPROVING THE
EMPLOYMENT OF RSR CONSULTING, LLC AS FINANCIAL
ADVISOR TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS *NUNC PRO TUNC* TO AUGUST 1, 2018**

This matter came before the Court on the *Application for Entry of an Order Authorizing and Approving the Employment of RSR Consulting, LLC. as Financial Advisor to the Official Committee of Unsecured Creditors Nunc Pro Tunc to August 1, 2018* (the "Application") and the Declaration of Robert S. Rosenfeld filed in support of the Application (the "Rosenfeld Declaration") both filed by the Official Committee of Unsecured Creditors (the "Committee") of ActiveCare, Inc., *et al.*, (the "Debtors"), pursuant to sections 328(a) and 1103(a) Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for an order authorizing and approving the retention and employment of RSR Consulting, LLC ("RSR") as financial advisor for the Committee in these chapter 11 cases; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334;

---

[1] Pursuant to 11 U.S.C. § 342(c)(1), the Debtors in these cases, along with the last four digits of each Debtor's federal tax-identification number, are: ActiveCare, Inc. (8125); and 4G Biometrics, LLC (5678). The location of the Debtors' corporate headquarters and their address for notice purposes is 1365 West Business Park Drive, Suite 100, Orem, UT 84058.

1

PHIL1 7203857v.2

and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and it appearing to the Court that the said Application should be approved, it is hereby

ORDERED that the Application be, and it hereby is, granted; and it is further

ORDERED that pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Committee is authorized to employ and retain RSR as of August 1, 2018 as their financial advisor on the terms set forth in the Application; and it is further

ORDERED that RSR shall charge its fees on a hybrid capped fee structure based upon a $45,000 per month fee estimate with a rolling three month cap such that fees can be higher or lower than $45,000 in any given month, but cannot exceed $135,000 in any rolling three month period. RSR's out-of-pocket expenses reasonably incurred in connection with the Debtors' cases are not subject to the monthly fee cap and shall be applied for separately at RSR's discretion. To the extent that RSR incurs fees above the rolling three month cap, such additional amounts will be treated as administrative expenses payable at a later point in the case or as otherwise ordered by the Court; and it is further

ORDERED that RSR's fees incurred in preparing for or providing testimony, either in Court or any deposition or examination, are not subject to the monthly fee cap and shall be applied for separately at RSR's discretion. RSR will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' cases as set forth in the Application and in compliance with the applicable provisions of the

3

Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures or as otherwise ordered by the Court. The Committee and RSR are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that the following indemnification provisions are approved:

a. subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, RSR for any claims arising from, related to, or in connection with the services to be provided by RSR as specified in the Application, but not for any claim arising from, related to, or in connection with RSR's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

b. the Debtors shall have no obligation to indemnify RSR for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from RSR's gross negligence, willful misconduct or fraud unless the Court determines that indemnification would be permissible pursuant to *In re United Artists Theatre company, et al., 315 F.3d 217 (3d Cir. 2003)*, or (ii) settled prior to a judicial determination as to RSR's gross negligence, willful misconduct or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which RSR is not entitled to receive indemnity under the terms of this Application; and

c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan

3

in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, RSR believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, RSR must file an application in this Court, and the Debtors may not pay any such amounts to RSR before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by RSR for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify RSR; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**Dated: September 7th, 2018**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

PHIL1 7203857v.2